[2] An ejectment by the plaintiff against the defendant and others, was terminated in November, 1796, in which the principles of the statute of limitations were much discussed; and the court doubted whether a possession without a grant, or previous to obtaining one, were sufficient under the statute. This discussion it was understood produced the explanatory Act of 1797, ch. 43, § 4.
 [S. C., infra, 353, and see 2 Tenn. 371, where this case is cited, but only historically.]
Equity. — This bill was filed for the purpose of setting aside a grant issued by the State of North Carolina to John Ford, upon a charge, that the entry of Ford had been so erased and altered by antedating as to destroy its validity. The bill further charged that the grant to Ford had been altered in the certificate of the surveyor, where he recites the entry, making it the year 1784 instead of the year 1785.
That at the time the entry books showed the entry of Ford to have been made, Martin Armstrong, the surveyor-general of the military lands, was not entitled, for his services, to 640 acres of land, which was the quantity granted to Ford, as assignee of Armstrong for a service right.
The defendant claimed by purchase mediately from Ford.
The defendant, in his answer, stated his purchase for a full and valuable consideration, and that at the time of purchase and payment of the consideration money, he had no notice of an alteration of the entry or grant, or any unfairness in procuring the title, if any did exist.
Demurrer to that part of the bill which sought to impeach the record of the entry by parol testimony.
The principal question before the court was whether parol testimony could be admitted to show an erasure or alteration of an entry in the entry book of the surveyor-general. *Page 16 
The books of entries are records; they must be received in the condition they are found, nor are we permitted to presume that any improper alteration has been made. The evidence cannot be received. Cited for the plaintiff, 1 Harrison, 61, 335, 21; 2 Har. 532; 2 Vez. 246; 2 Com. Dig. 501; 1 Eq. Cas. 258-9. For the defendant, 4 Bur. 2270; 3 Black. Com. 178; 2 Bac. 537; Ird. Rev. 18, 358, 483; 3 Black. Com. 330.
It was then objected by the plaintiff's counsel, that the grant to Ford could not be valid, because Armstrong could not make an entry, until he had performed services sufficient to entitle him to the quantity entered.
Sed per Curiam. It is not our province to liquidate the accounts between the surveyor and the State of North Carolina, who employed him. We presume in this respect it is right, the State having made a grant for the land; nor is it competent for this court to admit proof to the contrary. Bill dismissed withoutprejudice.
ORIGINAL NOTE. — The plea of the statute of limitation was not relied upon in this case.